## WINSTANDLEY *v.* BEDFORD STONE MILL COMPANY ET AL.

[No. 18,619. Filed December 16, 1898.]

APPEAL AND ERROR. — *Receivers.* — *Preferred Claims.* — *Review.* — Where a claim of preference filed with a receiver does not show the ground on which preference is based, and the exception to the receiver's report denying the preference refers for facts to a pleading not in the record, a special finding of facts and conclusion of law upholding the receiver's report will not be reviewed on appeal.

From the Lawrence Circuit Court. *Affirmed.*

*Simpson B. Lowe,* for appellant.

*Smiley N. Chambers, Samuel O. Pickens, Chas. W. Moores* and *Thomas J. Brooks,* for appellees.

HACKNEY, J.—The appellant filed with the receiver of the Bedford Stone Mill Company, a claim for $1,045.05 against said company, with an allegation "that the said account is due for labor, pay rolls, and money advanced to pay the same and * * * is a preferred claim." The receiver, in a report of his trust to the court, scheduled the claim for allowance generally and without preference. To this report the appellant filed an exception, for the reason that said claim, "as shown by the original complaint herein," was "a labor and preferred claim," and should be allowed as such. The record recites a hearing upon said exception, and a special finding of facts, with a conclusion of law in favor of the appellee. The questions urged for decision are based upon this conclusion of law.

Many technical questions are suggested as to the manner of presenting the issue in the trial court, as to parties, etc. The exception to the report referred to the complaint upon which the receiver was appointed for the facts entitling her to preference as a

creditor of the estate. The complaint is not in the
record, and we are not advised by any pleading, ex-
cept as above quoted, of any ground of preference.
The effort is made in this court to sustain the pref-
erence by demanding a subrogation to the rights of
the laborers whose claims for wages the appellant
supplied the funds to the company to pay. If we
should look to the findings to ascertain what right of
subrogation existed, we should find nothing author-
izing the conclusion that the appellant paid claims as
a surety, junior lienor, or otherwise in protection of
a debt owing by or to her. We would find, however,
that, when the appellant loaned to the company mon-
eys to pay the wages of laborers, it was agreed be-
tween the appellant and the company that she should
hold pay-roll vouchers issued to her for the labor
claims paid with said moneys. This agreement is
urged as constituting conventional subrogation, upon
the theory that, if the laborers held the claims, they
would be entitled to preference under the statute,
sections 7051, 7058, Burns' R. S. 1894, and that this
right passed to the appellant. We are unable to
evolve this theory out of any issue presented to the
trial court, if we must judge from the record alone.
If we look to the exception as defining the issue, we
find that it refers for facts to the complaint upon
which, we infer, the receiver was appointed; and, that
pleading not being in the record, we are unable to
consider it. If we look to the claim filed with the
receiver, we find no allegation or statement of an
agreement upon which to base conventional subro-
gation. There was therefore no support in the is-
sues for the finding of an agreement for subrogation,
if, indeed, it could be said to be sufficient that an
agreement was made to issue to her, and permit her

to hold "pay-roll vouchers," where, as it was found, the laborers receipted the pay-rolls in full, and made no assignment or other transfer of their claims. See *Jenckes* v. *Jenckes*, 145 Ind. 624. The judgment of the circuit court is affirmed.